FILED

2010 Dec-20  PM 04:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | | |
|---|---|---|
| **CYNTHIA TAYLOR for BRADON M. ANDERSON, a minor,** | } | |
| | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  3:10-cv-01913-RDP** |
| | } | |
| **SOCIAL SECURITY ADMINISTRATION, COMMISSIONER MICHAEL J. ASTRUE,** | } | |
| | } | |
| | } | |
| | } | |
| **Defendant.** | } | |

## MEMORANDUM OPINION

This matter is before the court on Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment (Doc. # 7), filed October 18, 2010.  Defendant's Motion asserts that this matter should be dismissed under 42 U.S.C. § 405(g) as untimely filed.  (Doc. # 7). The court entered a Show Cause Order (Doc. # 8), dated November 4, 2010, requiring Plaintiff to show cause why Defendant's motion should not be granted.  On November 18, 2010, Plaintiff filed a Reply in Opposition to Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Doc. # 9).  Plaintiff's response argues that because the complaint was filed within 60 days of the receipt of the Notice of Appeals Council Action, the action was timely.

The question before the court is whether evidence that Plaintiff's *counsel* received the Notice of Appeals Council Action ("Notice") ten days after the date on the Notice is sufficient to make the reasonable showing required to extend the time allowed for filing an action in the district court.  The court finds that because Plaintiff has offered no statement or evidence as to when he actually

received the Notice, the *legal* presumption that he received the Notice five days from the date on the Notice stands.  Accordingly, Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment (Doc. # 7) is due to be granted.

## STANDARD OF REVIEW

Because the court has considered evidence outside the pleadings, Defendant's motion is properly construed as one for summary judgment.  Summary judgment can only be granted if there are no genuine issues of material facts and if the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2); *Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir.1983).  The evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion.  *Shaw v. Connecticut Gen. Life Ins. Co.*, 353 F.3d 1276, 1282 (11th Cir.2003).  However, the party opposing the motion cannot merely rest on his pleadings to present an issue of fact; rather, he must make a response to the motion by filing affidavits, depositions, or otherwise to persuade the court that there are material facts present in the case. Fed. R. Civ. P. 56(e)(2); *Van T. Junkins & Assoc. v. U. S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

## BACKGROUND

The following facts are either undisputed or presented in the light most favorable to Plaintiff. On May 7, 2010, the Appeals Council denied Plaintiff's request for review of the Administrative Law Judge's ("ALJ") unfavorable decision denying his claim for Supplemental Security Income (SSI) benefits. (Notice of Appeals Council Action, Doc. # 9, Exhibit A).  The Appeals council sent the Notice, dated May 7, 2010, to Plaintiff notifying him that his request for review of the ALJ's decision had been denied. (*Id.*)  A copy of the Notice was also sent to Robert Bunch, Plaintiff's attorney.  (*Id.*)

2

The Notice that Mr. Bunch received was marked by his office as received on May 17, 2010. (Doc. # 9, Exhibits A & C). The Notice contains a section titled "Time to File a Civil Action," which states in part:

- You have 60 days to file a civil action (ask for court review).
- The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.
- If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give you reason(s) in the request

(Doc. # 9, Exhibit A). Plaintiff filed this action to obtain judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for SSI under Title XVI of the Act on July 15, 2010, sixty-nine (69) days after the date on the Notice. (Doc. # 1).

## DISCUSSION

"It is by now axiomatic that the United States 'is immune from suit save as it consents to be sued,' and Congress alone determines how and when the United States may be sued for judicial review of administrative orders and judgments." *Jackson v. Astrue*, 506 F.3d 1349,1352-53 (11th Cir. 2007) (quoting *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981)). Congress waived sovereign immunity when it enacted 42 U.S.C. § 405(g) by giving the federal courts jurisdiction to review the Commissioner's decisions.[1] *Id.* "As such, the remedies outlined in that statute are the exclusive source of federal court jurisdiction over cases involving SSI. 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal,

---

[1] "The final determination of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title. 42 U.S.C. § 1383(c)(3).

or governmental agency except as herein provided.").  Section 405(g) provides, in part, that "[a]ny

individual, after final decision of the Commissioner of Social Security . . . , may obtain review of

such decision by a civil action commenced within sixty days after the mailing to him of notice of

such decision or within such further time as the Commissioner of Social Security may allow."  This

60-day requirement is not jurisdictional, but rather constitutes a period of limitations," *Bowen v. City*

*of New York*, 476 U.S. 467, 478 (1986) (citations omitted).  As it is a condition to the waiver of

sovereign immunity, the 60-day filing requirement is strictly construed. *Id.* at 479.

The Commissioner has promulgated regulations that shed light on the time requirements of

§ 405(g).  In 20 C.F.R. § 422.210, it states:

> (a) *General*.  A claimant may obtain judicial review of a decision by an
> administrative law judge if the Appeals Council has denied the claimant's
> request for review, or of a decision by the Appeals Council when that is the
> final decision of the Commissioner. . . .

> * * *

> (c) *Time for instituting civil action*.  Any civil action described in paragraph
> (a) of this section must be instituted within 60 days after the . . . notice of the
> decision by the Appeals Council is received by the individual, institution, or
> agency, except that this time may be extended by the Appeals Council upon
> a showing of good cause.  For purposes of this section, the date of receipt of
> notice of . . . the decision by the Appeals Council shall be presumed to be 5
> days after the date of such notice, unless there is a reasonable showing to the
> contrary. . . .

This information is also contained in the definitions section of the regulations dealing with the

Administrative Review Process for Supplemental Security Income for the Aged, Blind, and Disabled.

The definitions section states that "[d]ate you receive notice means 5 days after the date on the

notice, unless you show us that you did not receive it within the 5-day period." 20 C.F.R. § 416.1401.

"You or your refers to any person or the eligible spouse of any person claiming or receiving

supplemental security income benefits." *Id.* The regulations also provide for notice to be sent to an individual's representative. 20 C.F.R. § 1515. "Representative means an attorney who meets all the requirements of 20 C.F.R. § 416.1505(a) . . . , and whom you appoint to represent you in dealings with us" (us refers to the Social Security Administration). 20 C.F.R. § 1503. The regulations further provide that "[a] notice or request sent to your representative will have the same force and effect as if it had been sent to you." 20 C.F.R. § 1515(b).

The courts are split over who must receive notice before the sixty-day clock begins to run. *See Pettway ex rel. Pettway v. Barnhart*, 233 F. Supp.2d 1354, 1362 (S.D. Ala. 2002) (analyzing the conclusions that different courts have reached on the issue, but ultimately declining to decide the issue). Some courts have found that time begins to run from receipt by the plaintiff. *E.g., Flores v. Sullivan*, 945 F.2d 109, 113 (5th Cir. 1991) (holding under almost identical facts that time began to run five days after the date on the notice, not on the date that claimant's attorney received notice). Other courts have found that time begins to run when a claimant's attorney receives notice. *E.g., Roberts v. Shalala*, 848 F. Supp. 1008, 1014-15 (M.D. Ga. 1994) (holding that in "those cases in which a representative has been designated by the claimant according to the regulations, this court would begin the sixty day period for filing an appeal from the date of notification of the *representative*"). And still other courts have held that "notice received by either the individual or the individual's attorney, whichever occurs first, triggers the sixty-day limitations period." *Bess v. Barnhart*, 337 F.3d 988, 990 (8th Cir. 2003).

Section 405(g), the various regulations dealing with receipt of notice, and the language contained in the Notice sent to Plaintiff all refer to receipt of notice by "you" or "the individual". 42 U.S.C. § 405(g) ("*[a]ny individual* . . . may obtain review . . . within sixty days after the mailing *to*

*him* of notice of such decision")(emphasis added);  20 C.F.R. § 422.210(c) ("any civil action . . . must be instituted within 60 days after the . . . notice of the decision by the Appeals Council is received *by the individual"*)(emphasis added); 20 C.F.R. § 416.1401 ([d]ate you receive notice means 5 days after the date on the notice, unless you show us that you did not receive it within the 5-day period . . . [y]ou . . . refers to any person . . . claiming or receiving supplemental security income benefits")(emphasis added); (Doc. # 9, Exhibit A) ("The 60 days start the day after *you* receive this letter")(emphasis added).  Nowhere in these provisions does it mention receipt by a claimant's representative.

The court acknowledges that in *Roberts*, the Middle District of Georgia found that because other areas of the regulations authorize a representative to obtain information about the claimant's claim and to give notice about proceedings before the agency, require the Commissioner to send claimant's representative notice and a copy of any administrative action, determination or decision, and state that any notice or request sent to claimant's representative has the same force and effect as if it have been sent to claimant, the running of the sixty day period to file an appeal starts when the representative receives notice.  *Roberts v. Shalala*, 848 F. Supp. 1008, 1013-15 (M.D. Ga. 1994). However, this court finds this view is contrary to the clear language of the provisions concerning when notice has been received.  The regulations promulgated by the Commissioner define both "you" and "representative"; nowhere does the definition of "you" mention representative.

The fact that the regulations contain a provision stating that "[a] notice or request sent to your representative will have the same force and effect as if it had been sent to you" does not preclude an interpretation that receipt by the plaintiff starts the sixty day time period.  In fact, it recognizes that notices or requests sent to the claimant still have legal force and effect.  If anything, this provision

6

supports the Eighth Circuit's position that the sixty day period begins to run when the first person (either the representative or the claimant) receives notice. *See Bess v. Barnhart*, 337 F.3d 988, 990 (8th Cir. 2003). The fact that the Notice sent to the representative has the same legal force and effect as if it were sent to Plaintiff, makes no difference in the case before the court today. Identical letters, addressed to Plaintiff, were received by Plaintiff and his representative. The language of the statute, regulations, and the Notice itself show that the time to file a claim starts to run when Plaintiff, the intended recipient of the Notice, received the notice.

In response to the court's show cause order, Plaintiff submitted the copy of the Notice of Appeals Council Action that was sent to Plaintiff's attorney, Robert Bunch, as well as an Bunch's affidavit showing that Bunch did not receive the Notice until May 17, 2010 (a date of receipt that would make this lawsuit timely). Plaintiff's response argues, "[a]s claimant did not receive the decision until May 17, 2010, claimant is allowed sixty days from this date to file his complaint. . ." (Doc. # 9). However, there is no evidence or any statement as to when Plaintiff received the Notice. The Notice was addressed to Plaintiff and mailed to his address in Killen, Alabama. (Doc. # 9, Exhibit A). Evidence that Mr. Bunch received his copy of the Notice on May 17, 2010, does not shed any light on when Plaintiff received his copy of the notice. Plaintiff's response to the show cause order fails to make any statement concerning Plaintiff's receipt of the Notice. Rather, it states the date that Plaintiff's counsel received the Notice and then states that the Notice "clearly did not arrive within the additional five days allotted by federal statute." (Doc. # 9). Plaintiff has not contested that he received the notice within the five days allotted for receipt; rather, he has merely submitted evidence that *his attorney* did not receive the notice within the five day period. Plaintiff bears the burden of showing that the Notice was received more than five days after the date on the

7

Notice. Because he has not offered anything con[2]testing his receipt of the Notice, he is unable to meet this burden.

To the extent that Plaintiff argues that the computation of time does not begin to run until Plaintiff's counsel receives notice of final decision, that argument necessarily fails. For the reasons discussed above, the language of Section 405(g), the regulations interpreting that section, and the language contained in the notice itself, show that the sixty day period begins to run when the claimant receives notice, not when his attorney receives the notice.

Moreover, here, Plaintiff has failed to make any showing – much less a reasonable showing – that would overcome the presumption that the letter was received within five days. Time and again courts have required more than a mere assertion that notice was received outside of the five day window. *See Pettway ex rel Pettway v. Barnhart*, 233 F. Supp.2d 1354, 1356-58 (S.D. Ala. 2002) (engaging in a thorough comparison of what courts around the country have required to support a finding that a plaintiff had made a reasonable showing sufficient to rebut the presumption that notice was received within five days). In *McCall v. Bowen*, for example, the Fifth Circuit found that affidavits offered by both Plaintiff and Plaintiff's counsel were insufficient to rebut the presumption of notice. 832 F.2d 862, 864 (5th Cir. 1987). In its discussion the court stated:

_____

[2] The Notice itself clearly states that "[w]e assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5 day period." (Doc. # 9, Exhibit A). The following sentence states that if the claimant cannot file for court review within the 60 days, he can ask the Appeals Council for additional time. *Id.* Thus, Plaintiff was on notice as to when the suit would have be filed under the sixty day limitation period. He could have either sought an extension of time or filed the suit within the limitation period. However, Plaintiff failed to follow either of these avenues. Instead, Plaintiff waited to file his complaint until it was outside of the presumed limitations period and it is now incumbent upon him to make a reasonable showing that he received notice at a later date. Unfortunately, he has failed to make this showing.

> Although the court presumes that these statements, like all statement made or offered by an officer of the court, are made in good faith, they cannot provide a substitute for a more concrete showing that the plaintiff or her attorney actually did not receive the Secretary's notice within five days of mailing. Otherwise, this court would be creating an exception to the Act by which a tardy claimant could avoid the jurisdictional requirements by merely asserting a late delivery of the notice of the Secretary's decision.

*Id.* Two other district courts in this Circuit have addressed similar factual situations when determining whether a party had made a reasonable showing in order to rebut the resumption of receipt. The court in *Roberts* addressed an identical scenario when it had to determine whether a copy of the notice with the date of receipt stamped on it along with an affidavit stating it is office procedure to stamp the date received and swearing that it was received on that date was sufficient to rebut the presumption that the Notice was received five days after the date on the letter. The court found that such evidence was insufficient. *Roberts*, 848 F. Supp. at 1015-17. In *Pettway*, the court found that the affidavit of an attorney combined with a copy of notice that was stamped with the date it was received by the attorney was sufficient to support the plaintiffs contention that she did not receive the notice within five days. *Pettway*, 233 F. Supp.2d at 1359-61. However, in making that determination the court also took judicial notice of the fact that the anthrax scare was going on in Washington D.C. at the time of the mailing, which provided a reasonable showing explaining the reason why the mailing was delayed. *Id.* at 1360. In this case Plaintiff's attorney has offered no proof of date of receipt other than a date stamped letter and an affidavit stating that it is long standing procedure to stamp mail the day it is received. He has offered no postmarked envelope indicating a mailing date different from the presumed date of mailing or any reason why there was delay in his receipt of the Notice. Because he has not made a reasonable showing the he received the Notice

more than five days after the date on it, the presumption that he received it on the fifth day must stand.

Finally, because Plaintiff has not made a request for equitable tolling of the statute of limitations and because the court finds no justification for such tolling, the time for filing will not be extended under the principles of equitable tolling.

## CONCLUSION

Plaintiff has failed to make a reasonable showing that he received the Notice of Appeals Council Action outside of the five days allowed for under federal law. Accordingly, his complaint is untimely.   Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment (Doc. # 7) is due to be granted.  This action is due to be dismissed with prejudice.

A separate order consistent with this memorandum opinion will be entered.

**DONE** and **ORDERED** this ____20th_____ day of December, 2010.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE